## WILLIAM BARRY vs. JOSHUA BENNETT.

A. mortgaged personal property to B., by an indenture in which it was stated that the property was subject to a prior mortgage to C.: A. afterwards sold the property to D. *Held*, in an action of trover by B. against D., that B. was not estopped to show that the property was never mortgaged to C. *Held also*, that if the property had been previously mortgaged to C., and had become absolute in him, by breach of the condition in the mortgage, yet the jury would be warranted, by proof that C. afterwards received payment of the mortgage debt, to find that he had waived his right to hold the property.

Where A. mortgaged to B., among other things, "one ton of wire," and afterwards sold to D. all his wire, amounting to 2662 pounds, it was *held*, in an action of trover by B. against D., to recover the value of this wire, that B. might show, by parol evidence, facts and circumstances tending to prove that A. and B. did not mean, by the mortgage, a precise ton by weight, but a certain mass of wire stored in a certain place, and denominated a ton; and that the jury might find, on such evidence, that all the wire in that place was mortgaged to B., and might assess damages against D. for a conversion of the 2662 pounds.

In trover by a mortgagee of property against one who purchased it of the mortgagor, after it was mortgaged, and sold it to a stranger, the damages are the value of the property, and interest thereon from the time of the sale by the defendant, and not from the time of his purchase.

A new trial will not be granted merely because testimony was admitted which was irrelevant and did not bear upon any question decided by the jury against the losing party.

TROVER for a ton of brass wire. Trial before *Wilde*, J., from whose report of the case it appeared that the evidence, so far as it related to the points hereinafter discussed, was as follows:

The plaintiff produced a mortgage, by indenture, of divers chattels, including "one ton brass wire," made to him by William Bartlett, on the 29th day of December 1834, and recorded on the same day, to secure payment of a note of the same date, given to the plaintiff by said Bartlett, for $711, payable in two years. This mortgage contained the following words: " To have and to hold the same " (the articles specified in the mortgage) "and every part thereof to the said Barry, his heirs, executors, administrators, and assigns forever, to his and their sole use and behoof, subject to a mortgage bearing date the 24th of July 1834, and given to William Rider for the further security of two promissory notes, one payable in three months, and one payable in four months from the above date."

The court permitted the plaintiff (the defendant objecting) to give evidence tending to show that the wire in question was not embraced in the mortgage to Rider ; and for this purpose the plaintiff gave in evidence, on this point, a record copy of that mortgage, by which it appeared that said Bartlett therein transferred to Rider " the goods, wares, chattels and merchandize specified or described in the schedule hereunto annexed, and marked A. ; " and that no schedule was recorded. The plaintiff also gave in evidence a record copy of an assignment of said mortgage, by Rider, to George Adams, dated August 22d 1834, and recorded on the same day, which referred to the schedule A., as annexed, and, after the seal and signature of the assignor, (Rider,) purported to set forth "schedule A., referred to in the annexed indenture," which schedule did not contain said wire. The plaintiff also put in a record copy of an assignment of said mortgage, by said Adams, to Benjamin M. Nevers, dated March 5th 1835, and recorded on the same day.

There was evidence tending to prove that said Bartlett, when he made said mortgage to the plaintiff, had only one lot of wire; that the wire was then in the loft of a factory in Arnold Street; that part of it was English and part of it American wire — the former worth thirty four cents and the latter twenty six cents per pound ; that the plaintiff, a day or two after the mortgage was made, went to said factory, and that Bartlett then pointed out to him the wire and other articles mentioned in said schedule A. : That there was no weighing or separating of any part of the wire : That Bartlett, on the 18th of February 1835, pledged or sold said wire to the defendant, and gave him a bill thereof, stating it to be 2662 pounds ; that the wire, on the next day, was removed to a store on the City Wharf; that the defendant sold 546 pounds of the same wire on the 21st of March 1835, and 2116 pounds (being the balance of the quantity purporting to be contained in Bartlett's bill to him) on the 4th of May 1835.

The testimony of witnesses showed that a ton of wire, in commerce, means two thousand pounds.

There was evidence tending to prove that said factory in

Arnold Street was burnt in April 1835, and that Bartlett recovered judgment against an insurance company for the loss which he thereby sustained, and that the notes which were secured by the aforesaid mortgage to Rider were paid out of the proceeds of said judgment.

The plaintiff gave evidence of having made a demand on the defendant for said wire on the 5th of February 1840.

The deposition of said Bartlett was taken by the defendant, and was read at the trial. The 20th cross-interrogatory, put to Bartlett by the plaintiff, was this : " Did you not sell or pledge the wire to Bennett for the purpose of raising money ? And what per centage did you give him for his money ? Did you not give, or have you not told others that you gave, one fourth of one per cent. a day for the money then lent you on the pledge of said wire ? " The deponent's answer was, " I did pledge said wire for the purpose of raising money, and I was charged at the rate of one quarter per cent. per day ; but I would not and did not pay this. And though he, Bennett, retained that amount for a while, I recovered back, by instituting a suit against him, (which never came to trial,) so much as left the interest which he received for compensation about the usual legal rate of six per cent." &c.

The plaintiff objected to this interrogatory when it was filed, and also objected to the reading thereof, and of the answer thereto, to the jury ; but the court permitted them to be read.

The court instructed the jury, that the mortgage to Rider was not to be deemed and taken to have become absolute, and that the plaintiff was not, for this cause, to be prevented from sustaining his action. Upon the evidence, the court recommended to the jury to return a special verdict on the point whether the quantity of wire in the loft aforesaid was more than a ton ; and also suggested to them that they might find whether the parties to the plaintiff's mortgage did not intend that the whole lot should be embraced in said mortgage. The court further instructed the jury, that the measure of damages would be the value of the wire, with interest from the time of the purchase by the defendant to the time of the verdict.

The verdict returned by the jury was as follows : " The jury find that the wire was not included in the mortgage to Rider. That this was waived, if it was so included. That the quantity deposited was more than a ton. That the word *ton* was meant to apply to the mass of wire, greater or less. That William Barry did not know of, consent to, or acquiesce in, the disposition of the wire. The jury find that the defendant is guilty, in manner and form as the plaintiff has thereof declared against him, and assess damages for $473, with interest to 18th February 1835, amounting in the whole to $696·49."

The court to enter such judgment as the law requires, or to grant a new trial.

*Bartlett*, for the defendant. Nothing passed to the plaintiff by his mortgage, as only part of the mass of wire was mortgaged, and there was no severance of that part from the larger mass. *Young* v. *Austin*, 6 Pick. 280. *Merrill* v. *Hunnewell*, 13 Pick. 213. *Shepley* v. *Davis*, 5 Taunt. 617. *Busk* v. *Davis*, 2 M. & S. 397. *Simmons* v. *Swift*, 5 Barn. & Cres. 857, and 8 Dowl. & Ryl. 693. *Rapelye* v. *Mackie*, 6 Cow. 250. Even where the entire mass is sold, if any thing remains to be done before delivery, nothing passes, though there has been part payment and a partial delivery. *Hanson* v. *Meyer*, 6 East, 614. *Withers* v. *Lyss*, 4 Campb. 237. Where the whole is delivered, and what is further to be done is to be done by the vendee, perhaps the rule is different. *Dole* v. *Stimpson*, 21 Pick. 384. The recording of the mortgage did not take this case out of the above rules of law. *Bullock* v. *Williams*, 16 Pick. 35.

The meaning of the word " ton " should have been ascertained by the court from the writing itself, and not have been left to the jury. Greenl. on Ev. § 277. *Miller* v. *Lord*, 11 Pick. 11. *Eaton* v. *Smith*, 20 Pick. 150.

On the special finding of the jury, the defendant moves for judgment. If this motion is denied, he is at least entitled to a new trial. 1. Because the plaintiff was permitted to prove by parol that the wire was not included in Rider's mortgage, contrary to the statement in the mortgage itself. There was

no latent or patent ambiguity to be explained ; and the mortgage being by indenture, the plaintiff was estopped by the recital therein. Com. Dig. Estoppel, A. 2. *Crane* v. *Morris,* 6 Pet. 611. If there were any ambiguity, and if the plaintiff were not estopped, yet the evidence was inadmissible, especially the schedule A., which was the act of other parties. Rider and Bartlett should have been first examined on this point, if any parol evidence were admissible. 2. Because the court ruled that the first mortgage had not become absolute, and that the plaintiff was not, for that reason, barred of this action. Even where parties agree, after a mortgage has become absolute, that it may stand, the mortgagor is not remitted to his old estate ; and the assigning of a mortgage does not prove that it is not absolute. 3. Because the court ruled that the measure of damages was the value of the wire, and interest from the time of the defendant's purchase, instead of the time of the plaintiff's demand, February 5th 1840. Where a party comes into possession without any tort, he is not answerable, as for a conversion, before demand and refusal. 3 Stark. Ev 1496, 1497. 3 Stephens Nisi Prius, 2686. *Thompson* v. *Shirley* 1 Esp. R. 31. *Johnson* v. *Sumner,* 1 Met. 172. *Philpott* v. *Kelley,* 3 Adolph. & Ellis, 106.

The question put to Bartlett as to the usury, and his answer, though irrelevant, tended to prejudice the defendant's cause, and should therefore have been suppressed. *Ellis* v. *Short* 21 Pick. 142

*C. P. Curtis & T. Otis,* for the plaintiff. The mortgage passed all the wire that was in the loft. The whole was pointed out as the amount mortgaged, and this, under the circumstances, was tantamount to a delivery of the whole. *Jewett* v. *Warren,* 12 Mass. 300. *Page* v. *Carpenter,* 10 N. Hamp. 77.

Nothing remained to be done, and the parties did not intend that any thing more should be done. It was otherwise in the cases cited for the defendant. See also *Macomber* v. *Parker,* 13 Pick. 182. *Claflin* v. *Carpenter,* 4 Met. 580. *Riddle* v. *Varnum,* 20 Pick. 280. Besides ; by *St.* 1832, *c.* 157, § 1, and Rev. Sts. *c.* 74, § 5, the recording of a mortgage is tanta-

mount to a delivery. *Forbes* v. *Parker*, 16 Pick. 466. But if the plaintiff is not entitled to the whole of the wire, he is at least entitled to a ton. *Damon* v. *Osborn*, 1 Pick. 476. *Brown* v. *Bellows*, 4 Pick. 179. There may be individuality of property in an undivided mass. *Gardner* v. *Dutch*, 9 Mass. 427. *Jackson* v. *Anderson*, 4 Taunt. 24.

Parol evidence of the circumstances was admissible for the purpose of showing the intention of the parties. *Brooks* v. *White*, 2 Met. 283. *Pierce* v. *Parker*, 4 Met. 80. *Hall* v. *Tufts*, 18 Pick. 455. *Johns* v. *Church*, 12 Pick. 557. *Crosman* v. *Fuller*, 17 Pick. 171.

There was no estoppel in this case, by reason of the recital in the plaintiff's mortgage. Yelv. (Amer. ed.) 227, *note* (1.) Greenl. on Ev. §§ 26, 286 – 288. *Housatonic and Lee Banks* v. *Martin*, 1 Met. 307. *Flagg* v. *Mann*, 14 Pick. 481, 482. The mortgage to Rider should be held void as against the plaintiff, as it referred to a schedule, when there was no schedule. *Sawyer* v. *Pennell*, 1 Appleton, 167.

Evidence of the payment of Rider's mortgage was properly received; and the property, on that payment, reverted to the mortgagor. *Parks* v. *Hall*, 2 Pick. 211.

The conversion was when the wire was transferred to the defendant. The instruction on this point was therefore right in substance, as the wire was removed the next day after the bargain for the transfer. *Ripley* v. *Dolbier*, 6 Shepley, 382. *Robinson* v. *Mansfield*, 13 Pick. 139.

The admission of evidence, that is merely irrelevant or immaterial, is not a cause for a new trial. *Prince* v. *Shepard*, 9 Pick 176. *Polleys* v. *Ocean Ins. Co.* 2 Shepley, 142.

DEWEY, J. The defendant insists that the plaintiff cannot maintain this action, *first*, because the wire, which is alleged to have been appropriated by the defendant to his own use, was, at the time of the making of the mortgage to the plaintiff, subject to a previous mortgage, made on the 24th of July 1834, to William Rider. The existence of this ground of defence is denied by the plaintiff; and upon recurring to the mortgage to Rider, it is found to contain no recital of the various articles pro-

posed to be transferred in mortgage, except by a reference to a supposed schedule marked (A.) No such schedule was in fact annexed to this mortgage ; but it further appears, that on the 22d of August 1834 Rider assigned his mortgage to George Adams, and that a schedule (A.) was annexed to this assignment. By this schedule it appears, that no such wire was included in the mortgage to Rider. If, therefore, it is competent to recur to the original mortgage to Rider, and to the assignment subsequently made to Adams, for the description of the articles mortgaged to Rider, it will be made apparent that the wire, which is the subject of the present action, was not included in that mortgage. But the defendant insists that it is not open to the plaintiff to show these facts, because in the indenture by which the property was conveyed by the mortgage of William Bartlett to the plaintiff, it is recited to be " subject to a mortgage bearing date July 24th 1834, and given to William Rider," being the mortgage already referred to ; and this, it is strongly urged, is an estoppel upon the plaintiff.

Several answers may be given to this objection. 1. It is no estoppel, reading the clause with reference to the state of things and the facts apparent on these papers. The schedule A., in the assignment of Rider's mortgage, obviously includes many articles of personal property that were included in the mortgage to the plaintiff; and it may well satisfy the words, " subject to a mortgage to Rider," to hold that, as to all such articles, the mortgage to the plaintiff was subject to the mortgage to Rider. This gives full force and effect to the words used, and they may well be taken to be used for this purpose. 2. Rider's mortgage is shown to have been discharged. The notes which it was given to secure have been paid. To this, however, it is objected, that the payment was made after the conveyance by mortgage had become absolute, and so the property included in the mortgage had vested in the mortgagee, without the right of redemption. But, if thus vested, it seems to us that it may reasonably be inferred that the right to hold the property absolutely was waived by the mortgagee. The receiving from the mortgagor payment of the entire amount of the debt secured by the

mortgage, after the time for redemption had expired, would, in reference to personal property mortgaged, well authorize a jury to infer a waiver of the right to hold absolutely ; and the jury have so found in the present case.  3. But further ; the defendant can with no propriety set up this estoppel, he not being a party to it, nor shown to have been in any way prejudiced by it.  He has not acted upon it, or parted with any rights upon the supposition that the property in this wire was in Rider.  He does not connect himself with it in any way.  The only ground, upon which the defendant can urge this objection, is for the purpose of showing that the wire, the value of which the plaintiff seeks to recover in this action, was in truth the property of Rider or his assignee, and that the defendant is therefore responsible to Rider, and not to the plaintiff.  Any competent evidence to show that Rider never had any claim upon the wire, or, if any, that it was discharged before the commencement of the present action, obviates that objection, and is all that can be required of the plaintiff on this point.

The *second* objection raised by the defendant is, that it was incompetent to prove, by parol evidence, facts and circumstances tending to show that the parties to the mortgage, in using the description " ton of brass wire," did not intend a precise ton by weight, but a quantity of brass wire about that weight, or exceeding it some five or six hundred pounds.

Where the recital is clearly definite and certain upon the face of it, it would be true that the description could not be controlled or varied by oral evidence ; as if the recital had been " one ton of brass wire to be taken and separated from the mass of brass wire now deposited in the store of A."  But the description, in the present case, is more general ; viz. " one ton of brass wire." Evidence may therefore be introduced, to show that the mortgagor had such brass wire, and the manner of storing it, and the quantity, and a judgment be formed, from the whole circumstances, whether it was the intent of the parties to convey in mortgage the entire stock of brass wire, or the precise quantity of one ton, and that to be separated from the larger mass.  If it appears that the whole amount of the article exceeded one ton only by a few

hundred pounds; if it appears that the parties treated the entire parcel as the ton of mortgaged wire, pointed it out as such, made no arrangements for taking the weight, or setting apart a portion of it as the wire mortgaged ; these are circumstances which may be properly considered, where the language of the instrument is such as admits an explanation by parol. In the present case, resort must be had to parol evidence to identify the wire ; the description being loose, giving no location, or specification, distinguishing it from any other brass wire. Had it appeared that the mortgagor owned a large quantity of such wire lying in one parcel, and very considerably exceeding the amount of one ton, the case would be different. The description of the article in the mortgage would clearly indicate that the mortgagor could not have intended to transfer several tons of brass wire, and no parol evidence would be admissible to explain or control it.

Upon the facts stated in the present case, we are satisfied that a proper construction has been given to the contract, and that the jury were well warranted in finding that it was the entire quantity of wire that was conveyed by the mortgage. Such finding obviates all objections arising from the fact that the wire had not been weighed, and severed from a greater mass of wire The jury have found that the parties intended to convey in mortgage, not a specific quantity of wire, to be ascertained by weight, but a specific parcel of wire then placed in a certain loft, whether the same was a little more or less than a ton. ·

A question was made at the trial as to the competency of the evidence contained in the answer of William Bartlett to the 20th cross-interrogatory put to him. In looking at this interrogatory, it appears to be an inquiry of the witness as to the terms on which he contracted with the defendant for the money which was the consideration of the pledge under which the defendant claims title to the property in controversy ; and the object apparently is, to show that it was an usurious contract. We do not perceive its relevancy, but great latitude is allowed in cross-examination, with a view to the sifting of the witness as to his memory, and to test his disposition to tell the whole truth. This

answer clearly did not bear upon any question upon which the jury have found against the defendant. It was at most only irrelevant, and not so far objectionable as to require the verdict to be set aside on account of its admission.

As to the measure of damages, we think the true rule will be to compute the interest from the time of the sale by the defendant.

[After the above opinion was delivered, the plaintiff remitted the amount of interest on $473 from February 18th 1835 to the time of the sale by the defendant, and judgment was entered for the balance, with interest to the day of the rendition of judgment.]